IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Uri Reisman, | ) | C/A No. 3:24-2451-SAL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| University of South Carolina; Sonya Singleton; Mary Grace Strickland, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter involves an employment dispute originally filed by Plaintiff Uri Reisman in the Richland County Court of Common Pleas. The defendants removed the action to this court pursuant to the court's federal question jurisdiction, 28 U.S.C. § 1331, because Reisman raises a claim pursuant to Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681(a). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Defendant Mary Grace Strickland's partial motion to dismiss. (ECF No. 6.) Reisman filed a response in opposition to the motion (ECF No. 11), and Strickland filed a reply (ECF No. 12). Having reviewed the record presented and the applicable law, the court finds that Strickland's motion should be denied.

## BACKGROUND

The following allegations are taken as true for purposes of resolving the defendant's motion to dismiss. Defendant University of South Carolina ("USC") hired Reisman as an adjunct professor in the University's College of Social Work on January 1, 2022. Reisman then sought a full-time faculty position within the college in February 2023; however, his attempt was derailed by false allegations that he engaged in sexual misconduct with a student. According to Reisman,

those false allegations came from Defendants Mary Grace Strickland and Sonya Singleton, student services employees within the college. Reisman alleges Strickland and Singleton met with students and asked them inappropriate and leading questions to attack Reisman's character, which resulted in a Title IX report that took normal professor-student behavior out of context and grossly exaggerated it into the format of a Title IX complaint. Reisman also alleges that Strickland and Singleton did this intentionally to interfere with Reisman's adjunct status and potential full-time teaching position.

Reisman filed this lawsuit claiming USC discriminated against him in violation of Title IX because he is male and breached the employment contract between them. Relevant here, specifically as to Strickland and Singleton, Reisman raises claims of "tortious interference with contractual relations and prospective contractual relations."[1] (Compl., ECF No. 1-1 at 10.) Reisman also raises defamation claims against each defendant.

## DISCUSSION

**A.     Rule 12(b)(6) Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the complaint. Edwards v. City of Goldsboro, 178

---

[1] To clarify, these are two separate causes of action—(1) tortious interference with contractual relations and (2) *intentional* interference with *prospective* contractual relations. Reisman uses "tortious" when referring to both causes of action (i.e., "tortious interference with *prospective* contractual relations). (Compl., ECF No. 1-1 at 10.) And South Carolina courts appear to interchangeably use "tortious" and "intentional" in reference to interference with *prospective* contractual relations. Compare Eldeco, Inc. 642 S.E.2d at 731 ("intentional"); with First S. Bank v. S. Causeway, LLC, 778 S.E.2d 493, 499 (S.C. Ct. App. 2015) (using both "tortious" and "intentional"); and United Educ. Distributors, LLC v. Educ. Testing Serv., 564 S.E.2d 324, 326 (S.C. Ct. App. 2002) (noting the confusion but clarifying that "intentional interference with prospective contractual relations" is proper). For clarity, the court refers to the causes of action as "tortious interference with contractual relations" and "intentional interference with prospective contractual relations."

F.3d 231, 243 (4th Cir. 1999).  To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id.  When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).  The court "may also consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

**B.     Strickland's Motion to Dismiss**

Strickland argues that Reisman's allegations fail to state a claim for tortious interference with contractual relations.[2]  The court disagrees.

The elements of a tortious interference with contractual relations claim are:  (1) the existence of a contract; (2) knowledge of the contract; (3) intentional procurement of its breach; (4) the absence of justification; and (5) resulting damages.  Hall v. UBS Fin. Servs. Inc., 866 S.E.2d

---

[2] Strickland does not expressly seek dismissal of a claim for intentional interference with prospective contractual relations, though it is not clear that Strickland views them as separate claims.  Strickland's motion only seeks dismissal of Reisman's "tortious interference claim," which, to be fair, may be because Reisman grouped his tortious and intentional interference claims together in a single cause of action.  Regardless, the court construes Strickland's motion as only seeking dismissal of a tortious interference with contractual relations claim.  Notably, Reisman analyzes the torts separately in his response in opposition to Strickland's motion, but Strickland did not acknowledge or distinguish the intentional interference with prospective contractual relations claim in reply.

337, 344 (S.C. 2021) (quoting Eldeco, Inc. v. Charleston Cnty. Sch. Dist., 642 S.E.2d 726, 731 (S.C. 2007)). Here, Reisman's allegations plausibly meet each of these elements. Reisman alleges: (1) he had an employment contract with USC, (Compl. ¶¶ 13-16, ECF No. 1-1 at 3); (2) Strickland knew of the contract, (id. ¶ 84, ECF No. 1-1 at 10); (3) Strickland produced a Title IX report to attack Reisman's character and spread defamatory rumors to disrupt his professional relationship with USC, (id. ¶¶ 66-67, 86, ECF No. 11-1 at 8, 10-11); (4) the rumors and allegations in the Title IX report were false, (id.); and (5) USC stopped assigning Reisman future classes, (id. ¶¶ 61-64, 87, ECF No. 1-1 at 8, 11).

Strickland argues the claim is not plausible because Reisman fails to allege that she spoke directly to the faculty members who decided not to renew Reisman's contract. However, Strickland points to no authority showing that "direct contact" between the defendant and the other party to the contract is necessary to state a plausible tortious interference with contractual relations claim under South Carolina law. See Hall, 866 S.E.2d at 344 (stating only that the plaintiff needs to show "intentional procurement of the contract's breach" without specifying how the contract is breached). Reisman's allegation that Strickland spread false allegations about Reisman in a Title IX report *for USC* plausibly shows that she intentionally caused Reisman to lose his adjunct professorship at the University, regardless of whether Strickland told the decisionmaker herself.

Strickland also argues that she was not the cause of Reisman losing his job. Rather, she argues, the Title IX report was the cause, and she was required to report allegations of sexual misconduct. This argument appears to wrongly disregard Reisman's allegations that Strickland produced the Title IX report and fabricated or exaggerated the allegations to attack Reisman's character. (Compl. ¶¶ 66-67, ECF No. 1-1 at 8.) At this stage, the court cannot resolve factual

disputes. As the court must accept Reisman's well-pleaded allegations as true for the purposes of this motion, Reisman plausibly alleges that Strickland caused the loss of his adjunct professorship.

In her reply brief, Strickland also raises new grounds for dismissal of Reisman's tortious interference with contractual relations claim. First, she argues that as an employee of USC, she is not a third party who can interfere with the contract and her actions were privileged. See generally Dutch Fork Dev. Grp. II, LLC v. SEL Properties, LLC, 753 S.E.2d 840, 844 (2012) ("It is generally recognized that when a contract is breached by a corporation as the result of the inducement of an officer or agent of the corporation acting on behalf of the corporation and within the scope of his employment, the inducement is privileged and is not actionable."). Strickland also argues that the tortious interference with contractual relations claim is duplicative of Reisman's defamation claim, so he may not recover for both. See generally Austin v. Stokes-Craven Holding Corp., 691 S.E.2d 135, 153 (S.C. 2010). However, Strickland waived these arguments by not raising them initially in her motion. See Clawson v. FedEx Ground Package Sys., Inc., 451 F. Supp. 2d 731, 734 (D. Md. 2006) ("The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered."); Michelin N. Am., Inc. v. Inter City Tire & Auto Ctr., Inc., C.A. No. 6:13-1067-HMH, 2013 WL 5946109, at *4 (D.S.C. Nov. 6, 2013) ("Arguments raised for the first time in a reply brief are normally deemed waived.") (quoting Brown v. City of Charleston, No. 2:11-CV-00466-DCN, 2013 WL 4499138, at *5 (D.S.C. Aug. 20, 2013)).

## RECOMMENDATION

Based on the foregoing, the court recommends that Strickland's partial motion to dismiss be denied.

August 12, 2024  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).